UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

ROBERT WRIGHT, # 674195,

        Petitioner,

v.

MARK McCULLICK,

        Respondent.

Case No. 1:16-cv-1357

Honorable Robert J. Jonker

**REPORT AND RECOMMENDATION**

This is a habeas corpus proceeding brought by a state prisoner pursuant to 28 U.S.C. § 2254. The mater is before me on respondent's motion seeking dismissal of the petition on the ground that it is barred by the statute of limitations. (ECF No. 15). Petitioner elected not to file a response to respondent's motion. Upon review, I recommend that respondent's motion be denied.

**Proposed Findings of Fact**

Petitioner's trial in Kalamazoo County Circuit Court began on August 28, 2012, and it concluded on September 12, 2012, with the jury's verdict finding petitioner guilty of first-degree premeditated murder, MICH. COMP. LAWS § 750.316, assault with intent to commit murder, MICH. COMP. LAWS § 750.83, felon in possession of a firearm, MICH. COMP. LAWS § 750.224f, and three counts of possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b. (ECF No. 16-4 through 16-14).

On October 8, 2012, petitioner was sentenced as a third habitual offender to life imprisonment without parole for the murder conviction, 25 to fifty years' imprisonment for the assault with intent to commit murder conviction, 57 months to ten years' imprisonment for the felon in possession convictions, and two years' imprisonment for each of the felony-firearm convictions. (ECF No. 16-15, PageID.2392-93).

On June 26, 2014, the Michigan Court of Appeals affirmed petitioner's convictions and sentences. (ECF No. 16-18, PageID.2430-37). On February 3, 2015, the Michigan Supreme Court denied petitioner's application for leave to appeal. (ECF No. 16-20, PageID.2551).

On April 22, 2016, petitioner filed motion for relief from judgment. (ECF No. 16-16). On May 18, 2016, the trial court denied petitioner's motion for relief from judgment. (ECF No. 16-17).

On July 26, 2016, petitioner filed a delayed application for relief from judgment. (ECF No. 16-19, PageID.2530-36). On July 26, 2016, the Michigan Court of Appeals dismissed petitioner's application for failure to pay the filing fee. (ECF No. 16-19, at PageID.2529). Petitioner did not seek leave to appeal to the Michigan Supreme Court. (ECF No. 16-21).

On November 13, 2016, petitioner filed his federal habeas corpus petition. (ECF No. 1, PageID.5). On January 9, 2017, the Court entered an order directing petitioner to file an amended petition because his initial petition was not submitted on the required form. (ECF No. 9). On February 3, 2017, petitioner filed his

amended petition.   (ECF No. 10, PageID.135).

## Discussion

Respondent argues that petitioner's application is barred by the one-year statute of limitations.   *See* 28 U.S.C. § 2244(d)(1).   Section 2244(d)(1) provides:

(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]"   28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").   The Sixth Circuit has held that such a motion remains "pending" during the

period in which the petitioner could have, but did not, appeal the denial of his motion for post-conviction relief. *See Holbrook v. Curtin*, 833 F.3d 612 (6th Cir. 2016).

In most cases, Section 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on February 3, 2015. (ECF No. 16-20, PageID.2551). Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on May 4, 2015. Petitioner had one year, until May 4, 2016, to file his habeas application.

On April 22, 2016, petitioner filed his motion for relief from judgment, leaving only thirteen days on the one-year statute of limitations clock. The filing of this motion tolled the running of the statute of limitations. *See* 28 U.S.C. § 2244(d)(2). On May 18, 2016, the trial court denied petitioner's motion for relief from judgment.

Respondent states that the statute of limitations remained tolled for another six months, and that remaining thirteen days on the statute of limitations clock ran out on December 2, 2016. Thus, petitioner's last day to file a timely habeas corpus

petition "was December 2, 2016." (ECF No. 15, at PageID.252). Respondent's calculation of the deadline for filing a timely habeas corpus petition is accepted.

Petitioner filed his habeas corpus petition on November 13, 2016 (ECF No. 1, PageID.5), well before the December 2, 2016, deadline. Respondent offers no argument why the date petitioner filed his amended petition, February 3, 2017, should be considered as the filing date for statute of limitations purposes. The absence of argument claiming that the grounds raised in the amended petition do not relate back to the filing of the initial petition suggests that respondent made a foundational error by overlooking the fact that February 3, 2017, was the date that petitioner filed his amended petition.

## **Recommended Disposition**

For the foregoing reasons, I recommend that respondent's motion (ECF No. 15) be denied.


Dated:   October 23, 2017               /s/   Phillip J. Green            
                                        United States Magistrate Judge


## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).